

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEFFREY A. PLEASANT,

    Petitioner,

v.                                 Civil Action No. 3:14CV144

HAROLD W. CLARKE,

    Respondent.

**MEMORANDUM OPINION**

Jeffrey A. Pleasant, a former Virginia inmate proceeding pro se, brings this 28 U.S.C. § 2254 ("§ 2254 Petition"). By Memorandum Opinion and Order entered January 28, 2014, the Court dismissed Pleasant's 28 U.S.C § 2241 petition challenging his 622-month federal sentence as a successive, unauthorized 28 U.S.C. § 2255 motion. See Pleasant v. Cuccinelli, No. 3:12CV731, 2014 WL 353405, at *1-2 (E.D. Va. Jan. 28, 2014). In that Memorandum Opinion, the Court noted that Pleasant claimed that his "state arrest for the six (6) state felony offenses [was] never resolved . . . ." Id. at *1 (citation omitted) (internal quotation marks omitted). The Court noted that Pleasant "represent[e]d that he wishe[d] to challenge the decisions of the Circuit Court of the City of Richmond . . . with respect to, inter alia, CR00-362-F, CR00-363-F[, and] CR00-364-F.'" Id. at *1 n.2 (third alteration in original). Nevertheless, the Court explained that Pleasant "fail[ed] to

specify how these cases resulted in a present restraint upon his liberty" and that his submissions demonstrated that the Commonwealth had withdrawn those indictments. Id. Since the dismissal of his § 2241 petition, Pleasant has inundated the Court with post-conviction motions challenging his federal convictions and state charges.

Pleasant's instant § 2254 petition fails to demonstrate which judgment he seeks to challenge or that he is in custody pursuant to that judgment. Under the section where a petitioner must identify the judgment and sentence he is challenging, Pleasant states "N/A," for the name and location of the court that entered the judgment of conviction, and "N/A none" for both the judgment of conviction and his sentence. (§ 2254 Pet. 2.) Pleasant identifies that "[t]he Richmond City Police took me into custody on January 24, 2000 for [allegedly] committing two robberies and related firearms offenses . . . ." (Id.) He further provides that "the Circuit Court dismissed the alleged offenses on March 6, 2000." (Id.) To the extent Pleasant intends to challenge offenses in the Circuit Court of the City of Richmond, he fails to identify a judgment and conviction. Pleasant also fails to demonstrate that these cases resulted in the present restraint on his liberty.

Accordingly, by Memorandum Order entered October 15, 2014, the Court directed Pleasant to show cause within eleven (11)

2

days of the date of entry hereof as to why his § 2254 motion should not be dismissed for failing to identify a judgment or demonstrate that he is in custody pursuant to that judgment. Pleasant has responded.

In a rambling response, Pleasant contends that "the Court has ordered me to show cause instead of the Respondent. There is nothing in the Rule nor the Advisory Committee Notes which shows that I should be ordered to show cause why my § 2254 should not be dismissed for any reason after it is examined by the judge . . . ." (Response 2, ECF No. 4 (capitalization corrected) (citing Rules Governing § 2254 Cases in U.S. District Courts, Rule 4).) Pleasant then repeats arguments similar to those raised in his § 2254 Petition about being charged in the City of Richmond courts and detained in the Richmond City Jail. Again, Pleasant fails to identify a judgment and conviction in the Circuit Court of the City of Richmond that resulted in the present restraint on his liberty. As such, Pleasant fails to demonstrate good cause and his § 2254 petition will be dismissed.

Pleasant's Motion for an Evidentiary Hearing (ECF No. 6) will be denied.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue

unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Pleasant fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Pleasant.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: November 25, 2014

4